**Theresa Ann FOLEY, Appellant**

v.

**Eric H. HOLDER, Jr., Attorney General, United States Department of Justice, Appellee.**

**No. 13–5210.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 27, 2015.

Mitchell Jay Notis, Law Office of Mitchell J. Notis, Brookline, MA, David H. Shapiro, Swick & Shapiro, PC, Washington, DC, for Appellant.

Brian Paul Hudak, Esquire, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: HENDERSON and MILLETT, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The Court has afforded the issues presented full consideration and has determined that they do not warrant a published opinion. *See* FED. R.APP. P. 36; D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** AND **ADJUDGED** that the district court's order and judgment dated May 17, 2013, be affirmed.

In October 2003, appellant Theresa Ann Foley, a former Special Agent with the Federal Bureau of Investigation, was assigned to the U.S. Naval Base in Guantanamo Bay, Cuba. While serving there, Foley contracted Leptospirosis, a tropical bacterial disease. Foley contends that her Leptospirosis significantly limited her ability to walk and to perform the duties of her job. As a consequence, when a firearms qualification test was scheduled for May 2004, she requested a reasonable accommodation—to shoot only from a standing position instead of the usual standing, kneeling, and prone positions. According to Foley, her firearms instructor initially granted the accommodation request, just as he had the previous quarter, but her supervisor then stated that Foley should

take the test in unmodified form, threatening that there would be an inquiry into her fitness for duty if she did not comply. For that reason, Foley took the firearms test without an accommodation, which she contends caused her severe injury. Although Foley remained employed as an FBI Special Agent until February 2014 and received workers' compensation for her injury, she maintains that her injury rendered her unable to perform any work for the FBI during that time.

Foley filed suit in federal district court, asserting, among other claims, that the FBI had violated the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, by (i) failing to provide reasonable accommodation for her actual disability and (ii) discriminating against her because of a perceived disability. The district court granted summary judgment for the FBI, and we affirm.

To avoid summary judgment on her accommodation claim, Foley had to come forth with evidence of a disputed question of material fact concerning whether, at the time she requested an accommodation, she had a "disability" within the meaning of the Rehabilitation Act. *See Solomon v. Vilsack*, 763 F.3d 1, 9 (D.C.Cir.2014). The Rehabilitation Act incorporates the definition of "disability" from the Americans with Disabilities Act, *see* 29 U.S.C. § 705(9)(B), and the parties agree that the "demanding standard for qualifying as disabled" under the pre–2008 version of the Americans with Disabilities Act governs this case, *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184, 197, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). To meet that standard, Foley had to identify sufficient evidence from which a reasonable jury could find that, at the time of the firearms qualification test, she was substantially limited in a major life activity. *See* 42 U.S.C. § 12102(2)(A) (2006); *Singh v. George Washington University School of Medicine & Health Sciences*, 508 F.3d 1097, 1099 (D.C.Cir.2007).

On appeal, Foley maintains that she met this evidentiary burden because she was substantially limited in the major life activities of walking and working. For the reasons thoroughly explained by the district court, we disagree. *See* Mem. Op. 24–30, J.A. 580–586. Under the pre–2008 standard, Foley had to show more than just an impairment of her ability to walk and work; she had to demonstrate that she was "severely" restricted in her ability to perform those activities, *Singh*, 508 F.3d at 1100, relative to "the average person in the general population," 29 C.F.R. § 1630.2(j)(1) (2004). Foley's own testimony—"I was standing, walking, carrying out my duties"—proved the opposite. With regard to walking, Foley also testified that, despite her condition, she was able to go on daily brisk walks and to use the elliptical at the gym for cardiovascular exercise.

With regard to working, Foley adduced no evidence of "the geographical area to which [she] has reasonable access and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within the geographical area, from which [she] is also disqualified." *Duncan v. Washington Metropolitan Area Transit Authority*, 240 F.3d 1110, 1114 (D.C.Cir. 2001) (internal quotation marks omitted). Accordingly, Foley failed to create a jury question on whether, at the time she requested a reasonable accommodation, she had a "disability" under the Rehabilitation Act.

Although the district court did not expressly analyze Foley's separate claim that her supervisors discriminated against her because they regarded her as having a disability, Foley urges that issue upon us. We hold that summary judgment for the FBI was warranted on that claim as well.

According to Foley, her supervisors forced her to take the May 2004 firearms qualification test without an accommodation on account of their mistaken belief that she was disabled—that is, because they harbored discriminatory animus based on their perception that she was substantially limited in the major life activities of walking and working. That claim fails because Foley has failed to come forth with sufficient evidence from which a reasonable jury could find that her supervisors " 'mistakenly believe[d]' " that she was " '*substantially* limit[ed]' " in those activities. *Adams v. Rice,* 531 F.3d 936, 945 (D.C.Cir. 2008) (emphasis added) (quoting *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999)).

At best, Foley's own evidence shows that her supervisors viewed her as having a temporary illness from which she was recovering at a healthy clip. Her evidence also shows that, despite her Leptospirosis, Foley's supervisors believed she was performing her duties as expected at the base in Guantanamo. For example, one of Foley's supervisors noticed that "at times" Foley was having "difficulties," but he never thought that she was unfit for duty as a result. Toward the end of Foley's tour, that same supervisor noticed that Foley "had resumed jogging," and he believed that she was "definitely on an upswing" because she had begun to "engage in more physical activity." Foley's other supervisor also noticed that Foley was ill, but he "did not think her health concerns were egregious." Although Foley points to this supervisor's testimony that Foley "struggl[ed]" while walking and "walked very slowly," this scintilla of evidence, under the demanding pre–2008 standard for what constitutes a disability, is not enough evidence from which a reasonable jury could find that Foley's supervisors regarded her as being substantially limited in walking. *See, e.g., Moore v. J.B. Hunt*

*Transport, Inc.,* 221 F.3d 944, 951 (7th Cir.2000) ("rate and pace" limitation insufficient); *Talk v. Delta Airlines, Inc.,* 165 F.3d 1021, 1025 (5th Cir.1999) (walking "with a limp" and "at a significantly slower pace than the average person" insufficient).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.